### GORE *v.* GORE and Another.

The rule that objections to evidence should be shown by the bill of exceptions, refers to cases in which the testimony has been admitted, and not to those in which it has been rejected.

*Friday, December 3.*

ERROR to the *De Kalb* Circuit Court.

SMITH, J.—*Maria Gore* filed a petition in the Probate Court of *De Kalb* county, alleging that she is the widow of *Eldah Gore*, deceased, by whom she had one child, who is also deceased, and of whom she is, consequently, the heir at law. It is further alleged that before the death of *Eldah Gore*, his father, *John Gore*, died seized of certain real estate, and leaving the said *Eldah* and two others, namely, *Rufus Gore* and *Anna Gore*, his heirs, who each became entitled to one undivided third part of said real estate. The petitioner demanded to have the portion of said *Eldah* set off to her.

*Rufus* and *Anna Gore* filed a plea alleging that *John Gore*, in his life-time, gave *Eldah Gore* one hundred acres of land and some personal property as an advancement, and as his full share of *John Gore's* estate.

Upon the hearing the Probate Court rendered a judgment partitioning the land equally, between the petitioner and the two defendants.

It appears by a bill of exceptions that the defendants offered in evidence a deed from *John Gore* to *Eldah Gore*, conveying to the latter fifty acres of land, and then introduced witnesses to prove that the consideration named

in the deed was merely a nominal one, and that the land was really given to *Eldah* as an advancement. This evidence was rejected by the Probate Court on the motion of the plaintiff's counsel. Some other parol testimony strongly tending to prove that *John Gore*, during his lifetime, conveyed fifty acres of land to *Eldah Gore* as an advancement, was then offered and excluded.

The defendants prosecuted a writ of error in the *De Kalb* Circuit Court, where the judgment was reversed and the cause remanded for further proceedings.

A writ of error is now prosecuted from that decision of the *De Kalb* Circuit Court to this Court, under the act of 1850, p. 65.

The Circuit Court reversed the judgment upon the ground that the evidence excluded should have been admitted, and it is now said the Circuit Court erred in reversing for that cause, because the bill of exceptions does not state the objections made to the evidence, and it must therefore be presumed they were sufficient.

The rule that the objections to evidence should be shown by the bill of exceptions, upon which the plaintiff in error relies, refers to cases in which testimony has been admitted, and not to cases in which it has been rejected. The evidence offered in this case was admissible if no objection was shown, and from all that appears it should have been admitted. We think the decision of the Circuit Court is correct.

*Per Curiam.*—The judgment is affirmed with costs.

*E. A. McMahon*, for the plaintiff.

*J. B. Howe*, for the defendants.